UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BHUPINDER SAINI, (A-Number: 242 475 311), Petitioner, v. WARDEN, FACILITY ADMINISTRATOR OF GOLDEN STATE ANNEX, ET AL., Respondents. | No. 1:26-cv-06529-KES-EGC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING A BOND HEARING<br><br>Docs. 1, 2 |

Petitioner Bhupinder Saini ("petitioner" or "Saini") is an immigration detainee who, on August 17, 2026, filed a writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention as unlawful under the Fifth Amendment's Due Process Clause. Doc. 1 at 17–20. He also filed a motion for a temporary restraining order. Doc. 2.

Saini was born in India on July 20, 2005, and entered the United States on or about July 28, 2025. Doc. 1 at 2, 14. He applied for asylum and his application was received by the United States Citizenship and Immigration Services ("USCIS") on October 28, 2025. *Id.* at 15. While his application remained pending, he was granted employment authorization, which is valid from June 6, 2026 through December 5, 2027. *Id.* In March 2026, Saini's guardian petitioned the Superior Court of California, County of Sacramento, for guardianship of Saini. *Id.* On May 19, 2026, the court approved the guardianship. *Id.* The court found that reunification with Saini's parents is not viable due to abandonment, and that it is not in Saini's best interest to be returned to

India. *Id.* Based on the state court findings, Saini submitted a special immigrant juvenile petition to USCIS.[1] *Id.* ICE detained Saini on or about August 5, 2026. *Id.* at 15–16; Doc. 7 at 2.

The Court previously recognized that under similar circumstances, a petitioner has a protected liberty interest and is entitled to a bond hearing at which the government bears the burden of proving that he is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Medvezhov v. Warden, Golden State Annex Det. Facility*, No. 1:26-cv-05918-KES-SAB (HC), 2026 WL 2234501, at *2–4 (E.D. Cal. Aug. 3, 2026). The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 5.

Respondents submitted a response contending that *Medvezhov* is distinguishable because "Saini's time in the United States before detention was short" and Saini was not lawfully admitted when he entered the United States. Doc. 7 at 2. While conceding that now "Saini has work authorization," respondents argue that this "fact alone does not replicate *Medvezhov*'s . . . years of sanctioned liberty after lawful admission." *Id.*

The circumstances here are sufficiently similar to *Medvezhov* to hold that Saini has a protected liberty interest. The USCIS received Saini's asylum application nearly a year ago and granted him work authorization pending consideration of his asylum application. Doc. 1 at 15. As in *Medvezhov*, the government "sanctioned [Saini's] continued presence in the United States by granting his employment authorization." *Medvezhov*, 2026 WL 2234501, at *2 (cleaned up). Petitioner has sufficiently established that he has a protected liberty interest under these circumstances.

Respondents further argue that even if Saini has a protected liberty interest, the post-deprivation custody procedures under 8 U.S.C. § 1226(a) adequately protect this interest. *Id.* at 3. Respondents submitted a status report noting that "after receiving Petitioner's filings, [ICE] conducted a new custody determination" and determined that Saini would be detained. Doc. 8 at

[1] Saini was below the age-cap for special immigrant juvenile status as he was under 21 at the time of filing the petition. *See* 8 C.F.R. § 204.11(b)(1).

1. Saini did not request to have an immigration judge review ICE's detention decision. *Id.*

Respondents argue that the Government's interest is heightened because law enforcement encountered Saini in an active shooting investigation. Doc. 7 at 3. To justify a post-deprivation hearing, there must be "evidence of urgent concerns." *Guillermo M.R. V. Kaiser*, 791 F. Supp. 3d 1021, 1036 (N.D. Cal. 2025). Here, Saini was encountered and detained at a residence where federal law enforcement officers were executing a search warrant in the course of an active shooting investigation. *See* Doc. 7 at 3. Respondents do not allege that Saini committed a criminal offense, and they do not identify any criminal charge against Saini.

The court agrees with respondents that a post-deprivation hearing is warranted in this case. But given the government's prior sanctioning of Saini's continued presence in the United States by granting his employment authorization, due process requires the burden at such a hearing to be on the government to establish, by clear and convincing evidence, that Saini is a flight risk or danger to the community.

Respondents are ORDERED to provide Bhupinder Saini (A-Number: 242 475 311) a bond hearing before a neutral decisionmaker within ten (10) days of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' written notice before the bond hearing in a language that he can understand. At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence.[2] Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall be given 72 hours' written notice before the bond hearing. The neutral decisionmaker must consider petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond. If respondents do not provide petitioner with a bond hearing within ten days, then respondents must release him.

The motion for a temporary restraining order is DENIED as moot.

[2] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated: August 24, 2026

UNITED STATES DISTRICT JUDGE